# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 165

Bruce Alan Fleck,                                    Petitioner and Appellant

v.

State of North Dakota,                              Respondent and Appellee

## No. 20210089

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bonnie L.Storbakken, Judge.

AFFIRMED.

Per Curiam.

Benjamin C. Pulkrabek, Mandan, ND, for petitioner and appellant.

Tessa M. Vaagen, Assistant State's Attorney, and Jamie Schaible, third year law student, under the Rule on Limited Practice of Law by Law Students, Bismarck, ND, for respondent and appellee; submitted on brief.

**Fleck v. State**
No. 20210089

**Per Curiam.**

[¶1]   Bruce Alan Fleck appeals from an order denying his application for post-conviction relief following an evidentiary hearing. Fleck was sentenced to ten years' imprisonment following a hearing to revoke his probation. Fleck applied for post-conviction relief alleging ineffective assistance of counsel. At the hearing, Fleck testified he would only have disputed two of the twelve allegations in the petition for revocation of probation. The district court found Fleck's attorney was adequately prepared for the revocation hearing and his conduct fell within the wide range of reasonable professional assistance. The court further found Fleck failed to establish he was prejudiced by his attorney's conduct.

[¶2]   We conclude the district court's findings regarding the prejudice prong are not clearly erroneous. Courts need not address both prongs of the *Strickland* test if the matter can be resolved by addressing only one prong. *Rencountre v. State*, 2015 ND 62, ¶ 7, 860 N.W.2d 837 (citing *Osier v. State*, 2014 ND 41, ¶ 11, 843 N.W.2d 277); *State v. Holbach*, 2007 ND 114, ¶¶ 6-7, 735 N.W.2d 862 (stating that probationer does not have a Sixth Amendment right to counsel, and assuming without deciding that the same standards apply to a probationer's statutory right to counsel). The court did not clearly err in denying Fleck's application for post-conviction relief, and we summarily affirm under N.D.R.App.P. 35.1(a)(2).

[¶3]   Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte